UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| NATIONAL SURETY CORPORATION, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:03CV73 CDP |
| | ) | |
| MEHLVILLE SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

| MEHLVILLE SCHOOL DISTRICT, | ) | |
|---|---|---|
| | ) | |
| Counterclaim Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:03CV93 CDP |
| | ) | |
| NATIONAL SURETY CORPORATION, | ) | |
| | ) | |
| Counterclaim Defendant and | ) | |
| Third Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PRAIRIELAND CONSTRUCTION, | ) | |
| INC., PETER LIBBRA, JR., | ) | |
| LINDA LIBBRA, GERALD DUNNE, | ) | |
| CARRIE DUNNE, CHESTER VOGT, and | ) | |
| JOANNE VOGT | ) | |
| | ) | |
| Third Party Defendants. | ) | |

# **MEMORANDUM AND ORDER**

The two captioned cases above come before me on several motions by the parties. In addressing these motions, several issues have come to the court's attention with respect to the docketing and filings in the cases.

Background

On December 12, 2014, National Surety Corporation filed two motions in the above-captioned cases to enforce settlement agreements entered into between it and several other parties. ECF Nos. 250, 32. On January 26, 2015, it filed motions to revive two Judgments (ECF Nos. 269, 47) that were entered by this court on January 27, 2005.

On February 2, 2015, this court ordered that Peter Libbra, Jr., Linda Libbra, Gerald Dunne, Carrie Dunne, Chester Vogt, and Joanne Vogt show cause why the judgments entered against them should not be revived. *See* Order dated Feb. 2, 2015, ECF Nos. 275, 52.

On February 26, 2015, this court entered an order granting a motion filed by National Surety Corporation on February 23, 2015, that requested leave to issue service personally upon Peter Libbra, Jr., Linda Libbra, Gerald Dunne, Carrie Dunne, Chester Vogt, and Joanne Vogt. Those parties had already received notice of both of National Surety's motions as well as this court's order through the federal Electronic Case Filing service upon their attorneys. Nonetheless, the court determined that the Missouri Rules of Civil Procedure required actual service of the Show Cause Order upon the motion-defendants. *See* Order Dated Feb. 26, 2015, ECF Nos. 292, 63.

Motions for Reconsideration

Peter Libbra, Jr., Linda Libbra, Chester Vogt, and Joanne Vogt filed motions asking the court to reconsider the February 26, 2015 Order, which granted leave to issue service of the Show Cause Order. They contend that they were not offered sufficient time to oppose National Surety's motion.

The Federal Rules of Civil Procedure "do not mention motions for reconsideration." *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). The Eighth Circuit has determined that motions for reconsideration are "nothing more than Rule 60(b) motions when directed at non-final orders." *Anderson v. Raymond Corp.*, 340 F.3d 520, 525 (8th Cir. 2003). Under Rule 60(b), the court may relieve a party from an order or judgment when the party demonstrates, for example, "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

The Vogts and Libbras correctly note that the court's Order allowing personal service on February 26, 2015, cut short their time for response to National Surety's motion. However, they have not provided any basis for reconsidering that order. Instead, they argue that National Surety unnecessarily delayed in bringing its motions to enforce settlement and to revive judgment, and no revival of the judgment is possible because National Surety failed to sue out a *scire facias*[1] before the statutory ten-year period elapsed.

---

[1] "A writ requiring the person against whom it is issued to appear and show cause why some matter of record should not be enforced, annulled, or vacated, or why a dormant judgment

Section 516.350.1 of the Revised Statutes of Missouri sets forth a conclusive presumption that all judgments are paid within ten years of (a) the date of the original rendition, or (b) if revived, upon personal service, or (c) after the date of the last payment on the judgment made "duly entered upon the record thereof." R.S. Mo. § 516.350.1 (West) (2014); *see also* § 511.370 (setting 10-year limitation in which to sue out a *scire facias*).

The Missouri Court of Appeals has twice ruled on the very issue presented here, and each time have held that there is no longer any need to sue out a *scrie facias* in order to revive a judgment; the only obligation placed upon a party seeking the revival of a judgment is to "file a motion to revive the judgment within ten years of either date the judgment was rendered or the date of the last revival." *See, e.g.*, *Abbott v. Abbott*, 415 S.W.3d 770, 774 (Mo. Ct. App. 2013) (citing Mo. S. Ct. R. 74.09); *see also Young Elec. Sign Co. v. Duschell Furniture of Ariz., Inc.*, 9 S.W.3d 685 (Mo. Ct. App. 1999) (placing duty on circuit court to issue Order to Show Cause on same day as motion for revival but also holding that Order to Show Cause issued on later date is considered retroactively issued on same day motion filed). The Vogts and Libbras argue that the Supreme Court of Missouri, and not the Court of Appeals, binds this court. However, they have not shown that the *Abbott* or *Duschell Furniture* cases were wrongfully decided.

The Libbras argue that *Abbott* was wrongfully decided, because it relied on an amendment to Missouri Supreme Court 74.09, which governs revival of a judgment. The Libbras contend that Rule 74.09 cannot override § 516.350.1. This argument relies on a

---

against that person should not be revived . . . ." Scire Facias, *Black's Law Dictionary* (10th ed. 2014) (West).

faulty premise; Rule 74.09 merely establishes the procedure for reviving a judgment, it does not alter the substance of § 516.350.

The Vogts contend the ten year period expired on January 27, 2015. *See* Case No. 4:03CV73 ECF No. 301 at 3. National Surety filed its motion for revival of the judgment on January 26, 2015. That motion was timely, and the parties have not shown that they were harmed by this court's allowance of personal service of the Show Cause Order to occur at a later date. Contrary to their arguments, the Order that allowed issuance of service was ministerial. *Strunk v. Commercial Plastics Co., Inc.*, 800 S.W.2d 779, 784 (Mo. Ct. App. 1990) (allowing a writ of *scrie facias* to issue from clerk's office upon motion without judicial approval). Their motions for reconsideration will be denied.

<u>Filings in the Two Cases and Motions to Subsitute</u>

The filings by the parties in the two cases have been inconsistant. This court has entered judgments in two cases, and motions to revive those judgments have been filed in both cases. All parties must remain cognizant of their duty to properly file motions and responses in either or both cases as necessary.[2]

Moreover, several of the parties have filed documents that simultaneously respond to other parties' motions or this court's orders while requesting new relief from the court. This practice makes it difficult for the court and opposing counsel to manage the case.

---

[2] The parties are also encouraged to provide full citations to any caselaw or other authority whenever possible, including references to the Federal Reporter, if therein, and including pincites to the portion of the opinion upon which their point relies.

Finally, motions to substitute exhibits and memoranda have been filed by Carrie Dunne and Gerald Dunne. Those substitute exhibits replace unsigned affidavits by Gerald Dunne with signed and notorized versions. They also replace a joint memorandum in support of their individual motions to dismiss that was filed with an incorrect caption with one correctly captioned. Those motions will be granted. Gerald Dunne's amended affidavit will replace the incomplete one attached to his motions to dismiss (ECF Nos. 287, 78) and to the Dunnes' joint memorandum in support of their respective motions to dismiss (ECF Nos. 285, 76). The amended memorandum in support shall also be substituted in both cases.

National Surety's Motions to Strike the Dunnes' Motions to Dismiss

Carrie Dunne and Gerald Dunne have each filed motions to dismiss in the two cases on the grounds that the statute of limitations to enforce the settlements or revive the judgments has passed, among others. *See* Case No. 4:03CV73, ECF Nos. 258, 287; Case No. 4:03CV93, ECF Nos. 72, 78. National Surety has moved to strike those motions because the affidavit provided by Gerald Dunne was unsigned. That fault has since been remedied. National Surety also moves to strike on the grounds that the motions to dismiss contain confidential information related to the settlements. Rather than strike the motions to dismiss and their supporting memoranda, I will order that the filings be placed under seal. National Surety's motions to strike the Dunnes' filings will be denied.

Chester Vogt and Joanne Vogt's Motion for Leave to File Supplemental Opposition

Chester Vogt and Joanne Vogt have file a motion for leave to file a supplemental opposition to National Surety's motions for revival of judgment and motion to enforce

settlement. That motion will be granted and this court will accept as their opposition ECF Nos. 306 and 88.

### National Surety's Motion to Strike the Vogt's Supplemental Opposition

National Surety has filed a motion to strike the Vogt's Supplemental Opposition, which was preliminarily filed without leave from this court. That leave has been granted, and the motion to strike is now largely moot. The motion to strike also responds substantively to the opposition. Counsel for National Surety is reminded that those points will need to be re-raised in any response brief that is filed. The motion will be denied, as will the motion by the Vogt's to extend their time for response to National Surety's motion to strike.

### Further Scheduling of the Motions

The time for response to the Show Cause Order has now passed. However, because most parties responded to that Show Cause Order by challenging personal service, and because this court determined that service of that Order under Missouri Supreme Court Rule 54 was required, the time allowed in that Order shall be extended until **April 20, 2015**. The Vogts have already filed a supplemental brief in opposition and shall not be permitted another filing. National Surety's reply brief(s) to all oppositions shall be due no later than **May 1, 2015**.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to reconsider filed by Peter Libbra, Jr. and Linda Libbra [4:03CV73 # 295; 4:03CV93 # 66] is denied.

**IT IS FURTHER ORDERED** that the motion to reconsider filed by Chester Vogt and Joanne Vogt [4:03CV73 # 300, 4:03CV93 # 70] is denied.

**IT IS FURTHER ORDERED** that the motions for leave to file substitute documents filed by Gerald Dunne and Carrie Dunne [4:03CV73 ## 288, 289; 4:03CV93 ## 79, 80] are granted. The memorandum set forth in Case No. 4:03CV73 # 289 shall replace # 285; the memorandum in Case No. 4:03CV93 # 80 shall replace #76. The affidavit set forth in Case No. 4:03CV73 # 289 shall replace the affidavit in ## 285, 287; the affidavit in Case No. 4:03CV73 # 80 shall replace the affidavit in ## 76, 78.

**IT IS FURTHER ORDERED** that National Surety's motions to strike Gerald Dunne's motion to dismiss and Carrie Dunne's motion to dismiss [Case No. 4:03CV73 # 299; Case No. 4:03CV 93 # 69] is denied.

**IT IS FURTHER ORDERED** that the motions to dismiss and memoranda in support thereof filed by Carrie Dunne and Gerald Dunne shall be placed under seal, as shall all motions that contain substitute exhibits thereto.

**IT IS FURTHER ORDERED** that Gerald Dunne's and Carrie Dunne's motion for an extension of time to file a response to National Surety's motion to strike [Case No. 4:03CV73 #304, Case No. 4:03CV93 # 86] is denied as moot.

**IT IS FURTHER ORDERED** that Chester Vogt's and Joanne Vogt's motion for leave to file a supplemental memorandum in opposition [Case No. 4:03CV73 # 305; Case No. 4:03CV93 # 87] is granted, and the memorandum filed that same date shall be considered properly filed.

**IT IS FURTHER ORDERED** that National Surety's motion to strike Chester Vogt's and Joanne Vogt's memorandum in opposition [Case No. 4:03CV73 # 308; Case No. 4:03CV93 # 90] is denied.

**IT IS FURTHER ORDERED** that Chester Vogt's and Joanne Vogt's motion for an extension of time to file a response to National Surety's motion to strike [Case No. 4:03CV73 # 310; Case No. 4:03CV93 # 92] is denied as moot.

**IT IS FINALLY ORDERED** that all responses other than that of Chester Vogt and Joanne Vogt to this court's Order to Show Cause shall be due by **April 20, 2015**. National Surety's Reply to all responses, including the Vogts', shall be due by **May 1, 2015**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of April, 2015.