UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NATIONAL SURETY CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:03CV73 CDP |
| ) | |
| MEHLVILLE SCHOOL DISTRICT, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| MEHLVILLE SCHOOL DISTRICT, ) | |
| ) | |
| Counterclaim Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:03CV93 CDP |
| ) | |
| NATIONAL SURETY CORPORATION, ) | |
| ) | |
| Counterclaim Defendant and ) | |
| Third Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| PRAIRIELAND CONSTRUCTION, ) | |
| INC., PETER LIBBRA, JR., ) | |
| LINDA LIBBRA, GERALD DUNNE, ) | |
| CARRIE DUNNE, CHESTER VOGT, and ) | |
| JOANNE VOGT ) | |
| ) | |
| Third Party  Defendants. ) | |

**<u>MEMORANDUM AND ORDER</u>**

These consolidated cases are before me on the motions of National Surety Corporation to revive judgments and judgment liens entered into in 2005.

**Background**

The above-captioned cases were consolidated before me for all purposes. Some of the parties entered into a consent order and agreed to entry of judgment. *See* No. 4:03CV 73, ECF No. 240; No. 4:03CV93, ECF No. 30. On January 27, 2005, this Court entered Judgment in both cases in favor of National Surety and against (1) Prairieland Construction Co., Peter Libbra, Jr., and Linda Libbra (the Libbras); (2) Gerald Dunne and Carrie Dunne (the Dunnes); and (3) Chester Vogt and Joanne Vogt (the Vogts). *See* ECF Nos. 241, 31. A separate Judgment was substituted as to the Libbras on August 23, 2005. ECF Nos. 248.[1]

On January 26, 2015, National Surety filed in both cases a motion to revive the January 27 Judgment and Judgment Lien. The Libbras, Vogts, and Dunnes, who are judgment debtors in these cases, were ordered to show cause by February 20, 2015, why the judgment should not be revived. The judgment debtors argued against revival on the grounds that they had not been personally served with the motion. Although this Court acknowledged that the judgment debtors received notice of the motion via the Electronic Case Filing System and through their attorneys, this Court ultimately granted National Surety's motion for leave to personally serve the objecting parties. The Libbras and Vogts moved that this Court reconsider that motion on two grounds: first, that after ten years, Missouri law establishes a presumption that all judgments are paid; and second, that Missouri requires a reviving party to sue out a writ of *scire facias* before the ten-year period elapses. This Court rejected both arguments and allowed supplementary briefing. *See* Order of April 3, 2015, ECF Nos. 311, 93. The Objecting Parties have been personally served, and the Motion is ripe for adjudication.

---

[1] This Judgment was issued only in 4:03CV73.

All of the judgment debtors argue that the motion to revive is not timely because the relevant statute requires personal service to have occurred before the passage of ten years. The Libbras raise additional defenses to revival of the judgment: bad faith, fraudulent inducement, estoppel, unclean hands, and laches. The Vogts also assert the doctrine of laches. Both the Vogts and Dunnes argue that the statute of limitations has also run as to the settlement agreement entered between those parties and National Surety.

## Discussion

Section 516.350.1 of the Revised Statutes of Missouri sets forth a conclusive presumption that all judgments are paid within ten years of (a) the date of the original rendition, or (b) if revived, upon personal service, or (c) after the date of the last payment on the judgment made "duly entered upon the record thereof." R.S. Mo. § 516.350.1 (West) (2014); *see also* § 511.370 (setting 10-year limitation in which to sue out a *scire facias*). Missouri Supreme Court 74.09 governs revival of a judgment: "A judgment may be revived by order of the court that entered it pursuant to a motion for revival filed by the judgment creditor within ten years after entry of the judgment or the last prior revival of the judgment." Mo. S. Ct. R. 74.09(a).

Rule 74.09 allows a judgment debtor to present defenses to revival. *See* Mo. S. Ct. R. 74.09(b). However, those defenses are restricted to "whether the judgment creditor initiated the proceeding within the prescribed time of ten years; whether service, either personal or by publication, was obtained on the judgment debtor; whether the judgment existed; and whether the judgment was satisfied." *Elliott v. Cockrell*, 943 S.W.2d 328, 330 (Mo. Ct. App. 1997).

The Libbras admit that the motion to revive was filed within ten years of the date of original judgment. However, they argue that Missouri law requires personal service of the motion in order to be timely. That argument has already been rejected in this case. *See* Order of

- 3 -

April 3, 2015, ECF Nos. 311, 93 ("[T]the only obligation placed upon a party seeking the revival of a judgment is to "file a motion to revive the judgment within ten years of either date the judgment was rendered or the date of the last revival.") (citing *Abbott v. Abbott*, 415 S.W.3d 770, 774 (Mo. Ct. App. 2013); *Young Elec. Sign Co. v. Duschell Furniture of Ariz., Inc.*, 9 S.W.3d 685 (Mo. Ct. App. 1999)).

The cases cited by the judgment debtors are not availing.  In *Wormington v. City of Monett*, the plaintiff attempted to collect on a judgment twelve years after its rendition.  218 S.W.2d 586, 588 (Mo. banc 1949).  Likewise, in *Roman Catholic Diocese*, the Supreme Court of Missouri held that once the statute of limitations for an action had run, it would violated due process to retrospectively apply a new and longer statute of limitations and thereby revive the cause of action.  *Doe v. Roman Catholic Diocese of Jefferson City*, 862 S.W.2d 338, 341–42 (Mo. banc 1993) (restricting holding to causes of action that included a limitations period as a substantive element).  Finally, in *Larsen*, Minnesota law required service of summons to commence an action.  *Larson v. Mayo Med. Ctr.*, 218 F.3d 863, 867 (8th Cir. 2000).  Because the plaintiff there did not serve the summons until after the limitations period had run, his action was time-barred.  *Id.* at 868.  Unlike those cases, National Surety followed Missouri's requirements and initiated the revival proceedings within the limitations period.

The Vogts' and Dunnes' argue that the Judgment being revived is an attempt to enforce settlement agreements entered between them and National Surety.  They argue that those agreements are unenforceable because the statute of limitations has run.  Those arguments will be considered when addressing National Surety's separately filed motion to enforce those settlements.  The judgment debtors remaining defenses to revival of the judgment–bad faith,

- 4 -

fraudulent inducement, estoppel, unclean hands, and laches–do not fall within the permissible categories of defenses and so have no effect under Missouri law.  *See Elliott*, 943 S.W.2d at 330.

Accordingly,

**IT IS HEREBY ORDERED** that National Surety Corporation's motions for revival of judgment and judgment lien [## 269, 47] are granted.

A separate Revival of Judgment will be issued this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 24th day of August, 2015.